**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ROBERT L. FLEMING, a/k/a Brian
Eugene Jones, a/k/a Volvo,
Defendant-Appellant.

No. 95-5836

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-91-250)

Submitted: July 16, 1996

Decided: August 16, 1996

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Robert Fleming, while under a term of supervised release imposed upon a conviction for conspiracy to distribute cocaine base,**1** entered a New York City social club displaying a shot-gun and forcibly removed jewelry and currency from the club patrons. Police arrested Fleming at the scene. Subsequently, Fleming pled guilty to first degree robbery in New York state court, and was sentenced to eight to sixteen years incarceration.

One of the conditions of the supervised release imposed upon Fleming's conviction for conspiracy to distribute cocaine base was that he not commit a crime during the term of supervision. Consequently, in a proceeding after his conviction and sentencing for robbery, Fleming's supervised release was revoked, and he was sentenced to twenty-four months in prison. In this appeal, Fleming challenges the revocation and twenty-four month sentence imposed for violating his supervised release as a violation of the Double Jeopardy Clause of the Fifth Amendment.**2** Finding no merit in Fleming's claim, we affirm the judgment of the district court.

We find that our recent decision in United States v. Woodrup, 86 F.3d 359 (4th Cir. 1996), is largely dispositive of this action. In Woodrup, we held "that the Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release."**3** Likewise, we find that the Double Jeopardy Clause does not prohibit a term of incarceration for violating the terms of supervised

_____

**1** 21 U.S.C. § 846 (1988).
**2** <u>**See Schiro v. Farley,**</u> 114 S. Ct. 783, 789 (1994).
**3** <u>**Woodrup**</u>, 86 F.3d at 363 (citing <u>United States v. Soto-Olivas</u>, 44 F.3d 788, 792 (9th Cir.), <u>cert. denied</u>, 115 S. Ct. 2289 (1995)).

2

release after the conviction and sentencing for the offense which formed the basis for the revocation. Accordingly, the district court's order revoking Fleming's supervised release and imposing a sentence of twenty-four months incarceration is affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3